**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DIANA COFFEY, on behalf of her minor
grandchildren I-VII, and the Estate of
Andrew Crutcher,

      Plaintiff-Appellant,

v.

MCKINLEY COUNTY, as it relates to
its Detention Center; UNKNOWN
STAFF NURSE; UNKNOWN
DETENTION GUARDS 1-10;
MCKINLEY COUNTY ADULT
DETENTION CENTER,

      Defendants-Appellees.

No. 11-2245
(D.C. No. 1:09-CV-00028-JB-LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Diana Coffey filed suit against McKinley County and the McKinley County

Adult Detention Center (collectively, "McKinley County") where her son Andrew

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Crutcher was incarcerated when he died.[1]  The suit was brought under 42 U.S.C.

§ 1983 and New Mexico state law on behalf of Mr. Crutcher's estate and his seven

children.  The district court dismissed the substantive due process claims and the

claims brought under state law, and granted summary judgment in favor of McKinley

County on the remaining claims.  Although this case was consolidated with a case

Ms. Coffey brought against the United States based on the same facts, and claims

remained pending against the United States, the district court certified its order in this

case as a final judgment under Fed. R. Civ. P. 54(b).  Ms. Coffey appeals the

judgment.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    BACKGROUND

The parties are familiar with the facts and the district court provided an

exhaustive discussion of the evidence.  Therefore, we provide only a short factual

background to frame the issues on appeal.  The facts are viewed in the light most

favorable to Ms. Coffey as the party resisting summary judgment.  *E.E.O.C. v.

Picture People, Inc.*, 684 F.3d 981, 993 (10th Cir. 2012).

Mr. Crutcher was transferred from the Washoe County Detention Facility in

Reno, Nevada, to the McKinley County Adult Detention Center in Gallup, New

Mexico, on October 8, 2006.  He suffered from congestive heart failure.  McKinley

---

[1]     She also alleged that an unknown staff nurse and unknown detention guards
were liable, but she did not name, replace, or identify the unnamed defendants.  The
district court therefore dismissed those defendants, a ruling Ms. Coffey does not
challenge.  Consequently, the sole defendant is McKinley County and Ms. Coffey's
arguments concerning individual liability are irrelevant.

County did not have a plan for inmates to be medically evaluated within 14 days of arrival, "which is the accepted procedure for jails across the county," Aplt. App. Vol. 6 at 1594 (internal quotation marks omitted). Even though McKinley County did not have an "accepted" 14-day plan, jail medical personnel "would normally seek an inmate's medication within ten to fifteen minutes after they arrived if they did not arrive with medication," *id.* at 1617-18. Ms. Coffey alleged that Mr. Crutcher required medication for his heart condition, but the district court found that "[t]here [was] no evidence that Crutcher had valid prescriptions for any medication at the time of his incarceration with McKinley County," *id.* at 1553. It is undisputed that he did not receive medication for his heart condition until January 26, 2007.

Mr. Crutcher first requested medical attention at McKinley County on December 9, 2006, concerning a bump on his leg. He received treatment the same day at the Gallup Indian Medical Center ("GIMC") for a leg infection. McKinley County did not send a screening report to GIMC to indicate that Mr. Crutcher required medication for congestive heart failure, even though any infection in a heart patient must be treated aggressively because they are "critical and very serious," *id.* at 1556 (internal quotation marks omitted). On January 16, 2007, Mr. Crutcher requested and received medical attention for a cold. On January 26, 2007, he was assessed for his heart condition and his heart medications were restarted at that time. On January 28, he requested and received medical attention for kidney pain.

As of February 8, 2007, Mr. Crutcher had been too ill to get up from his bed for four or five days. The other inmates staged a riot to get help for him. The only way for an inmate to receive medical attention was to contact a guard. The guards had noticed that Mr. Crutcher was very ill, and at first did not respond, but then one of the guards observed Mr. Crutcher's condition and immediately took him to the medical unit. There, a nurse determined that he should go to the hospital. Mr. Crutcher died on February 8 at the hospital at age 28 from sepsis due to infective endocarditis. He had acquired a staph infection that entered his bloodstream and attacked his heart.

Ms. Coffey filed suit, alleging that McKinley County jail employees were deliberately indifferent to Mr. Crutcher's serious medical needs, thus violating his Eighth Amendment rights and his substantive due process rights. She further asserted claims based on McKinley County's policies and lack of policies concerning medical treatment of inmates. She also brought state law claims under the New Mexico Tort Claims Act. In an interim order the district court dismissed the state law claims for failure to give timely notice. In a thorough and comprehensive memorandum opinion and order, the district court resolved Ms. Coffey's remaining claims, holding that she had adduced sufficient evidence to resist summary judgment on her claim that the prison guards who ignored Mr. Crutcher's final illness had violated his constitutional rights, but the court dismissed her claims against the prison guards because she had not identified them in the pleadings. The court further

held that the undisputed evidence did not demonstrate that the McKinley County medical staff had violated Mr. Crutcher's constitutional rights or that McKinley County's lack of a 14-day medical procedure was a moving force behind any alleged constitutional violation. The court then dismissed the Fourteenth Amendment substantive due process claim pursuant to Fed. R. Civ. P. 12(b)(6), holding that Ms. Coffey could proceed only under the more specific constitutional provision of the Eighth Amendment.

Ms. Coffey appeals, arguing that McKinley County's lack of an adequate policy for health screening and medical care violated Mr. Crutcher's constitutional rights. Specifically, she asserts that McKinley County was required to have a policy to "make certain each inmate had a 14 day examination to determine [his] health care plan," Aplt. Reply Br. at 3, that would have (1) responded to Mr. Crutcher's obvious medical needs, (2) made certain that he had his necessary medication, (3) informed the medical facility treating him of his serious medical condition, (4) obtained his medical records, and (5) administered his heart medication as soon as he arrived at the detention center. She also challenges the district court's dismissal of her claims brought under the Fourteenth Amendment and the New Mexico Tort Claims Act.

## II. DISCUSSION

"We review the district court's summary judgment order de novo, and apply the same legal standards as the district court." *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012) (internal quotation marks omitted). "The court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We also review de novo the district court's orders dismissing the claims brought under the New Mexico Tort Claims Act and the Fourteenth Amendment. *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1178 (10th Cir. 2012) (reviewing de novo the dismissal of a complaint under Rule 12(b)(6)); *Rutherford v. Chaves Cnty.*, 69 P.3d 1199, 1201 (N.M. 2003) (reviewing de novo "whether governmental immunity under the [Tort Claims Act] bars a tort claim").

## A. Medical Procedures Policy

We first address Ms. Coffey's claim that the district court improperly granted summary judgment to McKinley County based on its lack of an adequate 14-day medical-procedures policy. She argues that McKinley County's lack of such a policy violated Mr. Crutcher's Eighth Amendment rights and that there was a direct causal link between the lack of such a policy and his death.

> A municipality or other local government may be liable under [§ 1983] if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such a deprivation. But, under § 1983, local governments are responsible only for their *own* illegal acts. They are not vicariously liable under § 1983 for their employees' actions.

*Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (citations omitted) (internal quotation marks omitted). To impose liability on a local government entity under § 1983, a plaintiff "must prove that action pursuant to official municipal policy caused [his] injury." *Id.* (internal quotation marks omitted).

- 6 -

The infliction of injury on the plaintiff is alone insufficient; "[r]ather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal quotation marks omitted), *cert. denied*, 131 S. Ct. 3030 (2011). This court has held in the context of a claim for failure to train that proof is required that the municipality was deliberately indifferent to its inhabitants. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).[2] In that context, to be liable for a failure to act, a municipality must "ha[ve] actual or constructive notice that its . . . failure to act is substantially certain to result in a constitutional violation, and it [must] consciously or deliberately choose[] to disregard the risk of harm." *Id.* To establish notice, a plaintiff generally must "prov[e] the existence of a pattern of tortious conduct, [although] [i]n a narrow range of circumstances, . . . deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or in action . . . ." *Id.* at 1307-08 (internal quotation marks omitted).

Here, even assuming these standards apply to Ms. Coffey's claim based on a lack of a 14-day medical-procedures policy, her claim fails because the record contains no evidence of a pattern of violations to put McKinley County on notice that

[2] Ms. Coffey has abandoned on appeal her failure-to-train claim.

its medical procedures were inadequate. She relies on one prior incident at the jail, which occurred during the period from 2006-2007, in which an inmate had a seizure and it took thirty minutes for the guards to respond.[3] One prior incident, even if it was a constitutional violation sufficiently similar to put officials on notice of a problem, does not describe a pattern of violations. *Cf. Connick*, 131 S. Ct. at 1360 ("A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." (internal quotation marks omitted)).

Nor was Mr. Crutcher's situation a highly predictable or plainly obvious consequence of McKinley County's lack of a 14-day medical-procedures policy. The district court found the following relevant undisputed facts: "McKinley County [medical] staff responded to Crutcher's requests for medical attention on a timely basis, gave him antibiotics to avoid infection, would normally seek an inmate's medication within ten to fifteen minutes after they arrived if they did not arrive with medication, and restarted Crutcher's heart medication during one of his later medical

---

[3]    In her reply brief, Ms. Coffey describes a McKinley County inmate who waited two months for requested dental attention. Aplt. Reply Br. at 6. The district court did not mention this incident in the memorandum opinion and order. Ms. Coffey has not cited to the record where she raised this issue to the district court, as required by Fed. R. Civ. P. 28(a)(9)(A) and 10th Cir. R. 28.2(C)(2). We will not search the record to ascertain whether there is record support for this claim. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003) ((declining to search the record for evidence). Accordingly, we need not consider whether the inmate who requested dental treatment was part of a pattern of violations. Nevertheless, we observe that the dental request Ms. Coffey describes was not similar to Mr. Crutcher's medical situation so could not bolster her argument that there was a pattern.

visits a few weeks before his death." Aplt. App. Vol. 6 at 1617-18. We agree with the district court that these circumstances "do not permit an inference that the risk of constitutional deprivations . . . was 'highly predictable' or 'plainly obvious.'" *Id.* at 1618. Furthermore, Ms. Coffey has identified no evidence to support a claim that a 14-day policy would have prevented the guards from ignoring Mr. Crutcher's condition. She has thus failed to demonstrate a direct causal link between McKinley County's failure to adopt a 14-day medical-procedures policy and any alleged constitutional violation. Therefore, the district court correctly granted summary judgment in favor of McKinley County on the Eighth Amendment claim.

### B.  New Mexico Tort Claims Act

Turning to Ms. Coffey's claims brought under the New Mexico Tort Claims Act, we affirm the district court's holding that Ms. Coffey's failure to give timely notice under the Act was fatal to her state law claims. Pursuant to N.M. Stat. Ann. § 41-4-16(A) & (B), notice of a claim for damages must be given to the appropriate governmental entity within 90 days after the occurrence giving rise to the claim, "unless the governmental entity had actual notice of the occurrence."

Ms. Coffey argues on appeal that McKinley County had actual notice as of June 4, 2007, when she inquired about her son's death. Mr. Crutcher died on February 8, 2007; the 90-day notice was therefore due by May 9, 2007. Even if Ms. Coffey's inquiry could qualify as notice under the statute, it was not given within the statutorily required 90 days, and the claim was properly dismissed. *See Lopez v.*

*State*, 930 P.2d 146, 151 (N.M. 1996) ("[U]nder Section 41-4-16(B) actual notice is a jurisdictional question . . . ."). She next contends that her failure to give notice is excused under N.M. Stat. Ann. § 41-4-4. This statute, which grants immunity from tort liability to governmental entities and public employees acting within the scope of their duties with certain exceptions, is inapposite. Ms. Coffey has not demonstrated any error in the district court's dismissal of her state law claims. Accordingly, we affirm the dismissal.

## C. Substantive Due Process

Finally, we consider Ms. Coffey's Fourteenth Amendment claim, wherein she argues that the facts she put forth were sufficient to meet the "shocks the conscience" standard to state a substantive due process violation. *See Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006) (in a lawsuit brought by a police officer injured in a training exercise, identifying the "standard for determining whether there has been a substantive due process violation [as] whether the challenged government action shocks the conscience of federal judges" (internal quotation marks omitted)). Ms. Coffey does not, however, attempt to demonstrate that the district court erred in holding that because the Eighth Amendment provided a more "'explicit textual source of constitutional protection,'" the constitutional claims must be analyzed "under that amendment's standards rather than under 'the more generalized notion of "substantive due process."'" Aplt. App. Vol. 6 at 1580 (quoting *Graham v. Connor*,

- 10 -

490 U.S. 386, 395 (1989)).  We perceive no error in the district court's holding and affirm dismissal of this claim for substantially the reasons stated by the district court.

### III.    CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge